E-Filing

[Counsel listed on last page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Lextron Systems, Inc.

    Plaintiff,

vs.

Microsoft Corporation

    Defendant.

Case No. CV 04-00588-VRW

**STIPULATED PROTECTIVE ORDER**

1  1.  PURPOSES AND LIMITATIONS. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further – acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  DEFINITIONS.

2.1  PARTY: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and OUTSIDE COUNSEL (and their support staff).

2.2  DISCLOSURE or DISCOVERY MATERIAL: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "CONFIDENTIAL" information or items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" information or items whose disclosure to another PARTY or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE": any material that constitutes or contains non-public source code of the designating party's software or computer applications.

2.6  RECEIVING PARTY: a PARTY that receives DISCLOSURE or DISCOVERY MATERIAL from a PRODUCING PARTY.

2.7     PRODUCING PARTY: a PARTY or non-party that produces disclosure OR DISCOVERY MATERIAL in this action.

2.8     DESIGNATING PARTY: a PARTY or non-party that designates information or items that it produces in disclosures or in responses to discovery as " CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.9     PROTECTED MATERIAL: any DISCLOSURE or DISCOVERY MATERIAL that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY–SOURCE CODE."

2.10    OUTSIDE COUNSEL: attorneys who are not employees of a PARTY but who are retained to represent or advise a PARTY in this action. This definition includes professional jury or trial consultants retained in connection with this litigation.

2.11    HOUSE COUNSEL: attorneys who are employees of a PARTY.

2.12    COUNSEL (without qualifier): OUTSIDE COUNSEL and HOUSE COUNSEL (as well as their support staffs).

2.13    EXPERT: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a PARTY or of a PARTY'S competitor and who, at the time of retention, is not anticipated to become an employee of a PARTY or a PARTY'S competitor.

2.14    PROFESSIONAL VENDORS: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, scanning, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      SCOPE. The protections conferred by this Stipulation and Order cover not only PROTECTED MATERIAL (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by PARTIES or COUNSEL to or in court or in other settings that might reveal PROTECTED MATERIAL.

4. DURATION. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a DESIGNATING PARTY agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL.

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each PARTY or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards developed under Fed. R. Civ. P. 26(c). A DESIGNATING PARTY must take care to designate in good faith for protection only those parts of material, documents items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, not made in good faith, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the DESIGNATING PARTY to sanctions. If it comes to a PARTY'S or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that PARTY or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trail proceedings), that the PRODUCING PARTY affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" at the top or bottom of each page that contains PROTECTED MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level or protection being asserted (either "CONFIDENTIAL,"

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE").

A PARTY or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting PARTY has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." After the inspecting PARTY has identified the documents it wants copied and produced, the PRODUCING PARTY must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the PRODUCING PARTY must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE" at the top or bottom of each page that contains PROTECTED MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the PARTY or non-party offering or sponsoring the testimony identify all protected testimony on the record, before the close of the deposition, hearing, or other proceeding, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES – ONLY SOURCE CODE." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the PARTY or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

– SOURCE CODE"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing PROTECTED MATERIAL must be separately bound by, the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY SOURCE CODE" as instructed by the PARTY or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the PRODUCING PARTY affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." If only portions of the information or item warrant protection, the PRODUCING PARTY, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

5.3    Inadvertent Failures to Designate.    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" does not, standing alone, waive the DESIGNATING PARTY'S right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" after the material was initially produced, the RECEIVING PARTY, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1    Timing of Challenges. Unless a prompt challenge to a DESIGNATING PARTY'S confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

PARTY does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer.  A PARTY that elects to initiate a challenge to a DESIGNATING PARTY'S confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the DESIGNATING PARTY.  In conferring, the challenging PARTY must explain the basis for its belief that the confidentiality designation was not proper and must give the DESIGNATING PARTY an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging PARTY may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3  Judicial Intervention.  A PARTY that elects to challenge a confidentiality designation after considering the justification offered by the DESIGNATING PARTY may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accomplished by a competent declaration that affirms that the movement has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the DESIGNATING PARTY in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the DESIGNATING PARTY.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the PRODUCING PARTY'S designation.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1  Basic Principles.  A RECEIVING PARTY may use PROTECTED MATERIAL that is disclosed or produced by another PARTY or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such PROTECTED MATERIAL may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a RECEIVING PARTY must comply with the provisions of section 11, below (FINAL DISPOSITION).

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that limits access to the persons authorized under this Order.

Storage and maintenance of CONFIDENTIAL information or materials by the recipient in the same manner as it stores and maintains its own confidential and proprietary information shall be deemed sufficient.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the DESIGNATING PARTY a RECEIVING PARTY may disclose any information or item designated CONFIDENTIAL only to:

(a)   the RECEIVING PARTY'S OUTSIDE COUNSEL of record in this action, as well as employees of said COUNSEL to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including HOUSE COUNSEL) of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation;

(c)   EXPERTS of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation;

(f)   trial or deposition witnesses in the action to whom disclosure is reasonably necessary for purposes of this litigation, and the party who intends to show the PROTECTED MATERIAL to the witness provides the DESIGNATING PARTY with at least 7 days notice of the intent to show the PROTECTED MATERIAL to the witness, and provides the DESIGNATING PARTY with the opportunity to object pursuant to Section 7.4. The party showing the deposition or trial witness the PROTECTED MATERIAL will also ensure that the witness has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(g)   members of the jury subject to such controls as may be requested by the DESIGNATING PARTY and ordered by the Court at the time of trial; and

(h)   the author and any original recipient of the document.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may disclose any information or item designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to:

(a) the RECEIVING PARTY'S OUTSIDE COUNSEL of record in this action, as well as employees of said COUNSEL to whom it is reasonably necessary to disclose the information for this litigation;

(b) HOUSE COUNSEL of a RECEIVING PARTY (1) who has no involvement in competitive decision-making or in patent prosecutions involving Internet technologies, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) EXPERTS (as defined in this Order), pursuant to the procedures outlined in Section 7.4, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order";

(d) the Court and its personnel;

(e) court reporters, their staffs, and PROFESSIONAL VENDORS to whom disclosure is reasonably necessary for this litigation;

(f) members of the jury subject to such controls as may be requested by the DESIGNATING PARTY and ordered by the Court at the time of trial; and

(g) the author and any original recipient of the document.

7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "EXPERTS" Pursuant to Section 7.3(c) or Approving Disclosure of "CONFIDENTIAL" Information or Items to Witnesses Pursuant to Section 7.2(f).</u>

(a) Unless otherwise ordered by the court or agreed in writing by the DESIGNATING PARTY, a PARTY that seeks to disclose to an EXPERT any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the DESIGNATING PARTY that (1) sets forth the full name of the EXPERT and the city and state of his or her primary residence, (2) attaches a copy of the EXPERT'S current resume, (3) identifies the EXPERT'S current employer(s), (4) identifies each person or entity from whom the EXPERT has provided professional services at anytime during the preceding four years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the EXPERT has provided any professional services during the preceding four years. PARTY may seek to disclose to a trial or deposition witness any CONFIDENTIAL information or material in the action only where it is

-9-
STIPULATED PROTECTIVE ORDER

reasonably necessary for purposes of the litigation, and that PARTY must first make a written request to the DESIGNATING PARTY that (1) sets forth the full name of the witness and the city and state of his or her primary residence, and (2) identifies the witness' current employer and occupation. Microsoft has agreed to allow Mr. Ryan M. Sullivan and his firm of Bates, White, L.L.C. access to material that has been designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" for the sole purpose of this litigation as EXPERTS of Lextron pursuant to the terms of this protective order.

(b)   A PARTY that makes a request and provides the information specified in the preceding paragraph may disclose PROTECTED MATERIAL to the identified EXPERT or witness no earlier than eight court days after delivering such a request, unless, within seven court days of delivering the request, the PARTY receives a written objection from the DESIGNATING PARTY. Any such objection must set forth in detail the grounds on which it is based.

(c)   A PARTY that receives a timely written objection must meet and confer with the DESIGNATING PARTY (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the PARTY seeking to make the disclosure to the EXPERT or witness may file a motion as provided Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the EXPERT or witness is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the DESIGNATING PARTY for its refusal to approve the disclosure.

In any such proceeding, the PARTY opposing disclosure to the EXPERT or witness shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the RECEIVING PARTY'S need to disclose the PROTECTED MATERIAL to its EXPERT or witness.

7.5   Treatment of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items. Access to material designated HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE and to any portion of any transcript or other paper that contains, reveals or refers to material so designated will be treated with at least the same level of confidentiality as material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and will be subject to additional restrictions, set forth below. Nothing in this paragraph shall obligate the parties to produce any source code nor act as an admission that any particular source code is discoverable. Lextron has represented that it has possession of no relevant source code and intends to produce no source code. Accordingly, the provisions of this section shall apply to the source code Microsoft has produced to date in this case (Documents Bates Nos. MS-S 00001-00965) and as to which Microsoft has agreed to allow Mr. Karl Ginter to access for the sole purpose of consulting to Lextron's outside counsel in this matter and as an EXPERT of Lextron. The Parties agree that Microsoft remains free to seek additional restrictions related to the safekeeping and reproduction of its source code should additional Microsoft source code become subject to discovery or if any Microsoft source code is sought in electronic form. The parties further agree that Lextron remains free to oppose any such additional restrictions.

      (i)    Lextron's outside counsel and Mr. Ginter agree to maintain the produced Microsoft source code in locked file cabinets either in the offices of outside counsel or in Mr. Ginter's offices. Counsel and Mr. Ginter further agree that the produced source code shall not be reviewed or accessed for any purpose other than this case, which expresses excludes reviewing the produced source code in conjunction with any other consulting engagement, for research purposes, or for purposes of any other pending or potential litigation.

      (b)    To the extent that partial copies of any of the produced source code files are deemed necessary by Lextron's outside counsel or Mr. Ginter for purposes of studying the produced source code, counsel and Mr. Ginter agree to make such copies on yellow paper, ensuring that the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY label remains visible on every page copied. Mr. Ginter agrees not to make any complete copies of any of the produced Microsoft source code files. To the extent that Lextron's outside counsel deems it necessary to make complete copies of any of the produced Microsoft source code files, counsel agrees to make such copies on yellow paper, ensuring that the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY label remains visible on every page.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.** If a RECEIVING PARTY is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" the RECEIVING PARTY must so notify the DESIGNATING PARTY, in writing (by fax, if possible) immediately and in no event more than seven (7) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The RECEIVING PARTY also must immediately and in no even more than seven (7) court days after receiving the subpoena or order inform in writing the PARTY who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the RECEIVING PARTY must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the DESIGNATING PARTY in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The DESIGNATING PARTY shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a RECEIVING PARTY in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.** If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed PROTECTED MATERIAL to any person or in any circumstance not authorized under this Stipulated Protective Order, the RECEIVING PARTY must immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the PROTECTED MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL.** Without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested

persons, a PARTY may not file in the public record in this action any PROTECTED MATERIAL. A PARTY that seeks to file under seal any PROTECTED MATERIAL must comply with Civil Local Rule 79-5.

11.  FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the PRODUCING PARTY, within sixty days after the final termination of this action (including all appeals), each RECEIVING PARTY must return all PROTECTED MATERIAL to the PRODUCING PARTY. With permission in writing from the DESIGNATING PARTY, the RECEIVING PARTY may destroy some or all of the PROTECTED MATERIAL instead of returning it. Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING PARTY must submit a written certification to the PRODUCING PARTY (and, if not the same person or entity, to the DESIGNATING PARTY) by the sixty day deadline which states that all the PROTECTED MATERIAL that was returned or destroyed and that affirms that the RECEIVING PARTY has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the PROTECTED MATERIAL. Notwithstanding this provision, COUNSEL are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain PROTECTED MATERIAL. Any such archival copies that contain or constitute PROTECTED MATERIAL remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.  MISCELLANEOUS.

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order, including any waiver of any objection that may be raised as to the admissibility at trial of any evidentiary materials, materials subject to the work product doctrine or materials which are otherwise beyond the scope of permissible discovery.

12.3  If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise

-13-
**STIPULATED PROTECTIVE ORDER**

1  constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for
2  such information. If a party has inadvertently produced material subject to a claim of immunity
3  or privilege, then promptly following that party's written request identifying the material for
4  which a claim of inadvertent production is made, that material shall be returned and all copies or
5  reproductions of that material that may have been made shall be destroyed. No information
6  learned from inadvertently produced material may be used for any purpose. The party returning
7  such information may move the Court for an Order compelling production of such information,
8  but the motion shall not assert as a ground for production the fact or circumstances of the
   inadvertent production.
9       12.4   Nothing in this Order shall be construed to prevent a designating party from
10 seeking such further provisions regarding confidentiality as may be appropriate.
11      12.5   The designation or non-designation of any material under this Protective Order
   shall not be admissible as evidence in any litigation for any purpose.
12      12.6   Drafts, whether written or electronic, of expert reports for either party shall not be
13 subject to discovery in this case.
14 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
15 _____          _____
16 Theodore W. Chandler (SBN 219456)          Richard J. Warburg, Bar No. 155223
   SIDLEY AUSTIN BROWN & WOOD LLP            FOLEY & LARDNER LLP
17 555 California Street                     11250 El Camino Real, Suite 200
   San Francisco, California 94104-1715      San Diego, CA 92130
18 Telephone:  (415) 772-1200                P.O. Box 80278
   Facsimile:  (415) 397-4621                San Diego, California 92138-0278
19                                           Telephone:  (858) 847-6700
   David T. Pritikin (admitted pro hac vice) Facsimile:  (858) 792-6773
20 Richard A. Cederoth (admitted pro hac vice) Attorneys For Plaintiff
   Douglas I. Lewis (admitted pro hac vice)
21 SIDLEY AUSTIN BROWN & WOOD LLP
   Bank One Plaza
22 10 South Dearborn Street
   Chicago, Illinois 60603
23 Telephone: (312) 853-7000
   Facsimile: (312) 853-7036
24 Attorneys For Defendant

25 SO ORDERED:

26 DATED: _____, 2005.          _____
27                                         The Honorable Vaughn R. Walker
                                           United States District Judge
28

-14-
**STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| Richard J. Warburg, Bar No. 155223<br>FOLEY & LARDNER LLP<br>11250 El Camino Real, Suite 200<br>San Diego, CA 92130<br>P.O. Box 80278<br>San Diego, California 92138-0278<br>Telephone: (858) 847-6700<br>Facsimile: (858) 792-6773<br>Attorneys For Plaintiff | David T. Pritikin (admitted *pro hac vice*)<br>Richard A. Cederoth (admitted *pro hac vice*)<br>Douglas I. Lewis (*pro hac vice* application pending)<br>SIDLEY AUSTIN BROWN & WOOD LLP<br>10 South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>Attorneys For Defendant<br><br>Isabella E. Fu (SBN 154677)<br>MICROSOFT CORPORATION<br>One Microsoft Way<br>Redmond, Washington 98052-6399<br>Telephone: (425) 722-4846<br>Facsimile: (425) 869-1327 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Lextron Systems, Inc.<br><br>    Plaintiff,<br><br>vs.<br><br>Microsoft Corporation<br><br>    Defendant. | Case No. CV 04-00588-VRW<br><br>**EXHIBIT A (AGREEMENT TO BE BOUND BY PROTECTIVE ORDER) TO PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS** |

I, _____, state the following:

1. I have read and understood the Protective Order ("Order") to which this Exhibit A is annexed (and whose definitions are incorporated herein), and I attest to my understanding that access to material designated as PROTECTED MATERIAL, including CONFIDENTIAL, HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, may be provided to me pursuant to the terms and restrictions of the Order. I agree to be bound by the terms of the Order, both with respect to

-1-

this Court's powers of supervision of the litigation and contractually to any DESIGNATING PARTY, which I acknowledge to be an expressly intended beneficiary of the undertaking I give in this Agreement To Be Bound By Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any material that is designated as PROTECTED MATERIAL, including CONFIDENTIAL, HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE. If I fail to abide by the terms of this Agreement To Be Bound By Protective Order, or the Protective Order, I understand that I may be subject to sanctions by way of contempt of court or to separate legal or equitable recourse by the adversely affected DESIGNATING PARTY.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

-2-

CH1 2972367v**EXHIBIT A (AGREEMENT TO BE BOUND BY PROTECTIVE ORDER) TO PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS**